UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

WILLIAM NORKUNAS, Individually,

    Plaintiff,

v.

TAR HEEL CAPITAL WENDY'S LLC, A
Domestic Limited Liability Corporation, and
FFC Limited Partnership, A Domestic Partnership:

    Defendant.

Case No. 5:09CV116

FILED
STATESVILLE, N.C.

OCT 28 2009

U.S. DISTRICT COURT
W. DIST. OF NC

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, WILLIAM NORKUNAS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, TAR HEEL CAPITAL WENDY'S LLC, A Limited Liability Corporation, , (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a North Carolina resident, lives in Ashe County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is mobility impaired and is bound to ambulate in a scooter or with other assistive devices.

2. Defendant's property, Wendy's, 1301 South Collegiate Drive, Wilkesboro, NC 28697, is located in the County of Wilkes.

3. Defendant's property, Wendy's, 316 N. 2nd Street, North Wilkesboro, NC 28659, is located in the County of Wilkes.

4. Defendant's property, Wendy's, 159 Turnersburg Hwy, Statesville, NC 28625, is located in the County of Iredell.

5. Defendant's property, Wendy's, 1807 E. Broad Street, Statesville, NC 28625, is located in the county of Iredell.

6. Defendant's property, Wendy's, 1016 Blowing Rock Rd, Boone, NC 28607, is located in the county of Watauga.

7. Venue is properly located in the WESTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Defendant's properties are located in and do business within this judicial district.

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

9. Plaintiff has visited the properties which forms the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties, and to determine whether the properties have been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject properties which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the properties to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendant owns, operates, leases or leases to is known as Wendy's, 1301 South Collegiate Drive, Wilkesboro, NC 28697; Wendy's, 316 N. 2nd Street, North Wilkesboro, NC 28659; Wendy's, 159 Turnersburg Hwy, Statesville, NC 28625; Wendy's, 1807 E. Broad Street, Statesville, NC 28625; and Wendy's, 1016 Blowing Rock Rd, Boone, NC 28607.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Wendy's not only to avail himself of the goods and services available at the properties but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

13. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject properties, as prohibited by 42 U.S.C. § 12182 et seq.

3

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Wendy's has shown that violations exist. These violations include, but are not limited to:

    **Parking and Loading Zone**

    1. The required amount of compliant accessible parking spaces is not provided. [ADA Stds. 4.1.2(5ab)]

    **Accessible Public Restrooms**

    1. Each accessible toilet does not comply with ADA Standard 4.16. [ADA Stds. 4.1.3(11); 4.22.4; 4.16]
    2. Each accessible lavatory does not comply with ADA Standard 4.19. [ADA Stds. 4.1.3(11); 4.22.6; 4.19]
    3. Each accessible urinal does not comply with ADA Standard 4.18. [ADA Stds. 4.1.3(11); 4.22.5; 4.18]
    4. Each accessible toilet stall does not comply with ADA Standard 4.17. [ADA Stds. 4.1.3(11); 4.17; 4.22.4]
    5. Each hook on toilet stall doors is not mounted within required reach ranges. [ADA Stds. 4.2.5; 4.2.6; 4.25.3]

    **Access to Goods & Services**

    1. There are elements and spaces which are not maintained in operable working condition and readily accessible or usable for persons with disabilities. [ADA Stds. Sec.36.211]

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services,

4

programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled

5

Case 5:09-cv-00116-RLV-DSC   Document 1   Filed 10/28/09   Page 5 of 8

when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which are designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Wendy's to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

6

Case 5:09-cv-00116-RLV-DSC   Document 1   Filed 10/28/09   Page 6 of 8

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Sabrina Winters

By: /s/ Sabrina Winters, Esq.

Sabrina Winters, Attorney at Law, PLLC
15720 John J. Delaney Drive, Suite 300
Charlotte, North Carolina 28277
704-843-1446 phone
704-973-0773 fax
swinters@sabrinawinterslaw.com